IN THE MATTER OF VINCENT INGRAM, Juvenile

No. 703DC156

(Filed 27 May 1970)

**1. Criminal Law § 75; Infants § 10; Schools § 15—— confession by eight-year-old boy — voluntariness — admissibility — injury to school property**

In the absence of a determination that a confession by an eight-year-old boy was voluntary and that the boy was advised of his *Miranda* rights, the confession, which was made to a school official in the boy's home in the absence of his parents, was inadmissible in a juvenile hearing on the charge that the boy wilfully and wantonly injured school buses belonging to a county board of education.

**2. Criminal Law § 74—— definition of a confession**

An extra-judicial statement of an accused is a confession if it admits defendant's guilt of the offense charged or an essential part of the offense.

**3. Criminal Law § 75—— admissibility of confession — voluntariness**

A confession is admissible against a defendant when, and only when, it was in fact voluntarily and understandingly made.

**4. Criminal Law § 76—— admissibility of confession — determination by court**

When a confession is offered in evidence and challenged by objection, the court should determine whether the confession was free and voluntary.

**5. Criminal Law § 76— general objection to confession**

    A general objection is sufficient to challenge the admissibility of a confession.

**6. Criminal Law § 75; Infants § 10; Constitutional Law § 30— confession by eight-year-old child — admissibility — due process**

    The admissibility of an extra-judicial confession by an eight-year-old child should be governed by the same principles that protect an adult accused of the same criminal act.

**7. Infants § 10— juvenile proceedings — due process**

    Juvenile proceedings must meet the requirement of due process.

APPEAL by respondent from *Phillips, District Judge,* 8 September 1969 Session of CARTERET County District Court.

This case arose out of a petition charging the respondent Ingram, an eight-year old male child, with wantonly and wilfully injuring the personal property of the Carteret County Board of Education. The proceeding is controlled by G.S. Chapter 110, Article 2 as it existed prior to the enactment of Chapter 911 of the Session Laws of 1969 which rewrote the Article and revised the jurisdiction and procedures applicable to children in the district court.

From an order committing him to the Samuel Leonard Training School in McCain, North Carolina, respondent appeals.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*Wheatley and Mason by L. Patten Mason for respondent appellant.*

VAUGHN, J.

[1] The evidence tended to show the following. On 27 July 1969 the maintenance supervisor of the Carteret County Garage went to the fenced compound where the county school buses and trucks were parked. Keys had been left in the vehicles. He discovered that several of the vehicles had been damaged. The court then heard testimony from a witness who identified himself as Director of Special Services for the County Board of Education. He described his duties as follows:

    ". . . My job encompasses counselling with students and making investigations into the home circumstances of students in schools in the Beaufort, North Carolina, area. I also check on truants and make general investigations for the school. Part of

my job is to investigate any damage, destruction, vandalism or malicious damage done to school property and to attempt to find those persons causing any damage or destruction to school property."

During the course of his investigation and as a result of a conversation with one James he went to the home of the respondent and had a conversation with him. Neither of respondent's parents were present and no "*Miranda* warning" was given. The child confessed to having driven three of the vehicles around in the compound, during the course of which they were scratched, dented and glass was broken. In apt time respondent objected to the introduction of the confession. This motion was overruled, and the confession was received into evidence without any inquiry by the court on the question of whether the confession was voluntarily and understandingly made. No other evidence tending to connect the child with the offense charged or relating to his habits, surroundings, conditions or tendencies appears in the record.

**[2-5]** The defendant's objection to the admission of the confession was made for "failure of Randolph Johnson (the investigator) to advise the juvenile and the juvenile's parents of his rights as set out in the *Miranda* decision." The State argues that since the juvenile was not in custody or otherwise deprived of his freedom, such advice was not required. Even if we were to concede, *arguendo,* this to be so as to an eight-year old child, it is clear that long before the decision in *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, the Courts of this State enunciated well-established precepts as to confessions. An extra-judicial statement of an accused is a confession if it admits defendant's guilt of the offense charged or an essential part of the offense. *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193. A confession is admissible against a defendant when, and only when it was, in fact, voluntarily and understandingly made. *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492. This has been the law of the State since its beginning. *State v. Roberts,* 12 N.C. 259. When a confession is offered in evidence and challenged by objection, the court should determine whether the confession was free and voluntary. The trial judge should find the facts which disclose the circumstances and conditions surrounding the making of the incriminating admissions. *State v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344. The objection in the present case was sufficient to raise the issue. A general objection is sufficient to challenge the admissibility of a confession. *State v. Vickers,* 274 N.C. 311, 163 S.E. 2d 481.

**[6]** The legality of any reason for the indefinite restraint of this

juvenile depends solely upon the truth or falsity of the allegation that he wilfully and wantonly injured personal property in violation of G.S. 14-160. The petition does not allege nor does the record disclose that the child is neglected, dependent, beyond the control of his parents or would, by any other provisions of G.S. 110-21 as it existed at the time of the institution of the proceeding be subject to the jurisdiction of the juvenile court. Under these circumstances we perceive no sound reason why the admissibility of an extra-judicial confession by an eight-year old child should not be governed by the same principles that protect an adult accused of the same criminal act.

[7] Historically wide differences have existed between the procedural rights of adults and those accorded juveniles. Quite properly there remain many sound distinctions between a juvenile proceeding and a criminal trial. Juvenile proceedings must, however, meet the requirements of due process. In *In Re Burrus*, 275 N.C. 517, 169 S.E. 2d 879, Justice Huskins summarizes as follows:

> ". . . So long as proceedings in the juvenile court meet the requirements of due process, they are constitutionally sound and must be upheld. This means that: (1) The basic requirements of due process and fairness must be satisfied in a juvenile court adjudication of delinquency. *Kent v. United States, supra* (383 U.S. 541, 16 L. ed 2d 84, 86 S. Ct. 1045 (1966)); *In Re Gault, supra,* (387 U.S. 1, 18 L. ed 2d 527, 87 S. Ct. 1428 (1967)). (2) The Fourteenth Amendment applies to prohibit the use of a coerced confession of a juvenile. *Haley v. Ohio,* 332 U.S. 596, 92 L. ed 224, 68 S. Ct. 302 (1948). *Gallegos v. Colorado,* 370 U.S. 49, 8 L. ed 2d 325, 82 S. Ct. 1209, 87 A.L.R. 2d 614 (1962). (3) Notice must be given in juvenile proceedings which would be deemed constitutionally adequate in a civil or criminal proceeding; that is, notice must be given the juvenile and his parents sufficiently in advance or scheduled court proceedings to afford them reasonable opportunity to prepare, and the notice must set forth the alleged misconduct with particularity. *In Re Gault, supra.* (4) In juvenile proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to counsel and, if unable to afford counsel, to the appointment of same. *In Re Gault, supra.* (5) Juvenile proceedings to determine delinquency, as a result of which the juvenile may be committed to a state institution, must be regarded as 'criminal' for Fifth

Amendment purposes of the privilege against self-incrimination. The privilege applies in juvenile proceedings the same as in adult criminal cases. *In Re Gault, supra.*"

In a decision on 31 March 1970 the Supreme Court of the United States appears to have concluded that proof beyond a reasonable doubt is among the "essentials of due process" required during the adjudicating stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. *In Re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068.

For the reasons we have assigned, the order appealed from is reversed.

Reversed.

CAMPBELL and PARKER, JJ., concur.