IN THE MATTER OF FELIX SIMMONS, MINOR

No. 7413DC387

(Filed 25 November 1974)

1. **Telephone and Telegraph Companies § 5— statute prohibiting vulgar language over telephone — constitutionality**

    The statute making it unlawful to use in telephonic communications "any words or language of a profane, vulgar, lewd, lascivious or indecent character, nature or connotation" is not vague and overbroad and does not violate privileges protected by the First and Fourteenth Amendments. G.S. 14-196(a)(1).

2. **Criminal Law § 75— confession to private individual — absence of Miranda warnings**

    Although the voluntariness requirement applies to statements made to private individuals, such statements are not inadmissible by reason of the private individual's failure to give the accused the *Miranda* warnings.

3. **Infants § 10— involuntary confession of child**

    An involuntary confession made by a child is no more admissible than would be an involuntary confession of an adult accused of the

same criminal offense, and basic requirements of due process apply to juvenile proceedings.

4. Infants § 10— juvenile proceeding — confessions to private individuals — failure of court to find facts

   While it would have been the better practice for the district judge in a juvenile proceeding to have made express findings of fact as to the circumstances under which the juvenile's confessions were made to private individuals, the judge's failure to make such findings was not error where the evidence was not in conflict, and his overruling of the juvenile's objections to admission of the confessions amounted to an implied finding that they had been voluntarily made.

APPEAL by respondent from *Walton, District Judge,* 13 December 1973 Session of District Court held in BRUNSWICK County.

This juvenile proceeding was commenced by a petition signed by Julie and David Robinson in which petitioners alleged that respondent, a 14-year-old boy, was a delinquent child as defined by G.S. 7A-278 (2) in that "the child did unlawfully use in telephonic communications with Julie Robinson certain words and language which were profane, vulgar, lewd, lascivious, indecent in nature and connotation . . . constituting harassment by telephone" in violation of G.S. 14-196 (a) (1). The petition set forth the particular words respondent was charged with having used and the dates the telephone calls were alleged to have been made. After a hearing at which respondent was represented by counsel and his parents were present, the court entered an order finding as a fact that respondent "did unlawfully call by telephonic communications Mrs. Julie Robinson and did use words of a profane, vulgar and lewd nature in violation of G.S. 14-196 (a) (1)." On this finding, the court concluded that respondent was a delinquent child, and entered judgment placing respondent on probation for a period of two years upon certain conditions. Respondent appealed.

*Attorney General Morgan by Associate Attorney William Woodward Webb for the State.*

*James J. Wall for respondent appellant.*

PARKER, Judge.

[1]  At the hearing before the District Judge respondent's counsel by timely motions attacked the constitutionality of G.S. 14-196 (a) (1) on the grounds that the statute is vague and over-

broad and violates the First and Fourteenth Amendments. The District Judge denied the motions and in this we find no error. G.S. 14-196 (a) (1) is as follows:

> "G.S. 14-196 (a). It shall be unlawful for any person:

> "(1) To use in telephonic communications any words or language of a profane, vulgar, lewd, lascivious or indecent character, nature or connotation."

Admittedly the language of the statute is broad, but we find it neither so vague as to be easily misunderstood nor so broad as to reach beyond the State's power to enact. We shall not repeat in this opinion the words respondent was charged with having used in the telephone calls to Mrs. Robinson. Suffice it to say they were lewd, lascivious and indecent as those words are commonly defined and generally understood. As to respondent's contention that the statute violates privileges protected by the First and Fourteenth Amendments, we find the following observations made by Justice Harlan in writing the majority opinion in *Cohen v. California*, 403 U.S. 15, 29 L.Ed. 2d 284, 91 S.Ct. 1780 (1971) to be pertinent:

> "[T]he First and Fourteenth Amendments have never been thought to give absolute protection to every individual to speak whenever or wherever he pleases, or to use any form of address in any circumstances that he chooses . . . .

> \*    \*    \*    \*    \*

> "[T]his Court has recognized that government may properly act in many situations to prohibit intrusion into the privacy of the home of unwelcome views and ideas which cannot be totally banned from the public dialogue. . . . The ability of the government, consonant with the Constitution, to shut off discourse solely to protect others from hearing it is, in other words, dependent upon a showing that substantial privacy interests are being invaded in an essentially intolerable manner."

Id. at 19, 21, 29 L.Ed. 2d at 290, 291, 91 S.Ct. at 1785, 1786.

Use of one's telephone clearly involves substantial privacy interests which the State may recognize and protect. G.S. 14-196 (a) (1) seeks to protect that interest from an invasion made in an essentially intolerable manner. The means chosen by the Legislature were both appropriate and sufficiently narrowed to achieving the legitimate ends sought to be attained. Our Su-

preme Court in *State v. Coleman,* 270 N.C. 357, 154 S.E. 2d 485 (1967), sustained a conviction under former G.S. 14-196.1 which made it unlawful for any person "to use any lewd or profane language or words of any vulgarity or indecency over the telephone to any female person," noting no constitutional infirmity in that statute. We find the present statute also constitutional.

Respondent assigns error to the admission in evidence over his objections of testimony concerning his extrajudicial statements to Mr. and Mrs. Robinson in which he admitted making one of the telephone calls. Evidence at the hearing showed the following: On 10 September 1973 Mrs. Robinson received a telephone call at her home from an unknown person. She recognized the voice of the caller as that of the person who had previously made similar calls. She could tell that all calls came from a pay telephone because she heard the money being deposited when she answered. She signaled to her husband, who told her to keep the caller talking. Mr. Robinson drove to a pay telephone located in the yard of a small grocery store near their home. He saw respondent in the booth holding the receiver to his ear. No one else was present. Mr. Robinson approached the booth and waited until the respondent hung up the telephone. Robinson then accosted respondent and accused him of calling Mrs. Robinson. Respondent at first denied placing the telephone calls to Mrs. Robinson, but after Mr. Robinson continued to question him, he admitted doing so. Robinson testified that he did not strike or threaten respondent, but he may have shook his finger at him. Mr. Robinson returned home, picked up Mrs. Robinson, and brought her back to confront respondent, who again admitted that he had called her. Mrs. Robinson testified that her husband did not, at that time, threaten or try to coerce respondent in any way. A witness presented by respondent testified that he was sitting in his car at the grocery store parking lot and observed the first confrontation between Mr. Robinson and respondent, though he was too far away to hear what was said, that Robinson appeared to be agitated and very angry, and that he continuously shook his finger in respondent's face in a vigorous and aggressive manner. The District Judge overruled all of respondent's objections to testimony concerning his confessions to Mr. and Mrs. Robinson.

[2]   At the hearing, respondent's counsel stated as one ground for objection to admission of evidence concerning respondent's inculpatory extrajudicial statements that there was no showing

that respondent had first been warned of his rights. No such showing was necessary. The statements were made to private individuals, not to officers. Although the voluntariness requirement applies to statements made to private individuals as well as to those made to public officials, it is generally accepted that a statement made to a private individual is not inadmissible by virtue of the private individual's failure to warn the accused in terms of the *Miranda* requirements. McCormick's Handbook on the Law of Evidence § 162 (2d Ed. 1972).

Respondent also contends the District Court erred in failing to conduct a voir dire examination and in failing to make express findings as to voluntariness before admitting testimony as to the statements. In a criminal case tried before judge and jury when objection is made to introduction of evidence as to an accused's extrajudicial confession, it is the duty of the judge to conduct a hearing in the absence of the jury at which the State has the burden of demonstrating that the confession was voluntarily and understandingly made. *State v. Vickers,* 274 N.C. 311, 163 S.E. 2d 481 (1968). If conflicting evidence is presented at the voir dire hearing and the judge overrules the objection, he must make findings of fact which support his ruling. *State v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344 (1965). If no conflicting testimony is presented, no findings of fact need be made, *State v. Keith,* 266 N.C. 263, 145 S.E. 2d 841 (1966), although "it is always the better practice for the court to find the facts upon which it concludes any confession is admissible." *State v. Lynch,* 279 N.C. 1, 15, 181 S.E. 2d 561, 570 (1971).

[3, 4]  Certainly an involuntary confession made by a child is no more admissible than would be an involuntary confession of an adult accused of the same criminal offense, *In re Ingram,* 8 N.C. App. 266, 174 S.E. 2d 89 (1970), and basic requirements of due process apply to juvenile proceedings. *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879 (1969). Nevertheless, there are significant differences between a juvenile proceeding and a criminal trial in the superior court. The absence of a jury and the fact that the District Judge rules on admissibility as well as on credibility and weight of evidence, make largely artificial and meaningless any clear-cut distinction between that portion of the juvenile hearing during which the District Judge is hearing testimony bearing upon the admissibility of evidence and portions of the hearing when he receives and considers the evi-

dence as it bears upon the ultimate factual issues presented for his determination. In the present case, we find no conflict in the evidence as it bears upon the circumstances under which respondent's confessions to Mr. and Mrs. Robinson were made. While it would have been the better practice for the District Judge to make express findings of fact as to those circumstances, since there was no conflict in the evidence it was not essential that he do so, and the Judge's overruling of respondent's objections amounted to an implied finding that respondent's confessions had been voluntarily made. Respondent's assignments of error directed to the court's admission of his confessions are overruled.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge BALEY concur.