Mary WALKER, Appellant,

v.

The Hon. George B. DILLARD, Judge,
Municipal Court of Roanoke,
Appellee.

No. 73-1108.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1974.

Decided July 10, 1975.
Certiorari Denied Oct. 14, 1975.
See 96 S.Ct. 208.

David G. Karro, Roanoke, Va. [Court-appointed counsel] (Henry L. Woodward, Legal Aid Society of Roanoke Valley, Roanoke, Va., on brief), for appellant.

Robert E. Shepherd, Jr., Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and THOMSEN, District Judge.

HAYNSWORTH, Chief Judge.

■ This case arises out of a telephone argument between the appellant, Mary Walker, and one of her neighbors over the behavior of Mrs. Walker's children. After the conversation Mrs. Walker was convicted in the Municipal Court for the City of Roanoke, Va., of violating Virginia Code § 18.1–238.[1] Mrs. Walker subsequently sought habeas relief in the district court[2] claiming that the statute is void for vagueness and overbreadth and that her right to a jury trial was violated by the inability of the Municipal Court to afford a trial by jury.[3] The district court dismissed the petition,[4] 363 F.Supp. 921, and this appeal ensued. We conclude that Mrs. Walker could not constitutionally be convicted under Section 18.1–238 because the statute is facially overbroad. Accordingly, we reverse the decision below and order that a writ of habeas corpus issue.

■ We start from the proposition that the state has a legitimate interest in prohibiting obscene, threatening, and harassing phone calls, none of which are generally thought of as protected by the First Amendment. Cf. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Rowan v. Post Office Dept., 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970); Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). Nevertheless, while such activity may permissibly be punished, the proscription must not be one that unduly impinges on protected expression. E. g. Gooding v. Wilson, 405 U.S. 518, 522, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

■ One in the position of Mrs. Walker may raise the overbreadth issue even though the language she used might have been constitutionally prohibited under a narrowly and precisely drawn statute.

At least when statutes regulate or proscribe speech and when "no readily apparent construction suggests itself as a vehicle for rehabilitating the statutes in a single prosecution," * * * the transcendent value to all society of constitutionally protected expression is deemed to justify allowing "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity" * * *. This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression.

Lewis v. City of New Orleans, 415 U.S. 130, 133–34, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974). See also Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

That the statute challenged here presents such a case is apparent. The

1. Section 18.1–238 provides in pertinent part: "If any person shall curse or abuse anyone, or use vulgar, profane, threatening or indecent language over any telephone in this State, he shall be guilty of a misdemeanor * * *."

2. Mrs. Walker did not appeal her conviction but instead filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Viginia, which summarily denied the petition. She thus has exhausted her state remedies. See Kane v. Virginia, 419 F.2d 1369 (4th Cir. 1970).

3. A person convicted in a court not of record must seek a trial de novo on appeal if he wishes to be tried by a jury. See Virginia Code § 16.1–132; Gaskill v. Commonwealth, 206 Va. 486, 144 S.E.2d 293 (1965). Mrs. Walker claims she is entitled to a jury trial in the first instance, arguing that the rule of Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888) is incorporated into the Fourteenth Amendment.

4. An earlier dismissal on procedural grounds, 353 F.Supp. 566, was reversed and remanded by this Court in Walker v. Dillard, No. 73-1108 (4th Cir. June 20, 1973).

Supreme Court of Virginia has thus far declined to place a narrowing construction on the sweeping language of Section 18.1-238, which regulates only speech.[5] On its face the statute prohibits abusive comment about third parties, curses or abuses directed at unsolicited callers, and "vulgar" or "profane" discussion of virtually everything and everyone. The statute does not reach the anonymous midnight caller who only breathes into the mouthpiece, unless repeated calls might be said to be abusive, but it makes punishable an indiscreet response from the outraged recipient of that call. An intemperate expression of understandable and wholesome indignation would be within the statute's apparent reach, but the words of many an anonymous, harassing caller would not.

 Nearly every operative word of the statute is susceptible of an overbroad construction, and several have been stricken at one time or another for indefiniteness.[6] Thus, in Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969), the Supreme Court acknowledged that the word "threat" must be narrowly defined in order to avoid punishing constitutionally protected speech. The Court construed 18 U.S.C. § 871(a) so as to exclude Watts' statement, which it characterized as crude and offensive political hyperbole, because Congress could not have intended to inhibit robust debate which, in the political arena, is often vituperative, abusive, and inexact. It is significant that the Virginia statute on its face authorizes punishment of Watts' statement, which was "abusive" if not "threatening." And, in Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) the Court held facially unconstitutional a Georgia statute proscribing "opprobrious words or abusive language" because the statute had not been narrowed by the state courts to apply only to "fighting words."[7]

The words "vulgar," "profane," and "indecent" are also capable of overbroad interpretation. The message on Paul Robert Cohen's jacket in Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971), was unquestionably vulgar, but it was nonetheless protected since it amounted to neither obscenity nor fighting words. We do not doubt that if the words were construed to prohibit only obscenity they could stand. E. g. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). The courts of Virginia, however, have not supplied such a construction, without which Section 18.1-238 facially proscribes intemperate political commentary such as Cohen's or Watts'.

 In light of the foregoing, we are constrained to conclude that the statute is impermissibly sweeping. Indeed, the

5. In Harmon v. Commonwealth, 209 Va. 574, 166 S.E.2d 232 (1969), the only other case cited in the annotation to the section, the court held that evidence of repeated obscene calls was sufficient to support a conviction but did not otherwise construe the statute.

6. One whose conduct is clearly proscribed may not successfully challenge a statute for vagueness. Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). In our view Mrs. Walker is barred from raising vagueness, as that term is precisely used, because she has brought up no record of the proceedings in the Municipal Court. Nevertheless, the vagueness and overbreadth doctrines are often functionally indistinguishable, and the chilling effect caused by the imprecision of the terms used in Section 18.1-238 can scarcely be separated from that which results solely from the overbreadth of the statute. See generally, Note, the First Amendment Overbreadth Doctrine, 83 Harv.L.Rev. 844, 871 75 (1960).

7. We need not decide the extent to which the "fighting words" cases might be altered in the context of a telephone conversation. One may have a greater interest in freedom from abuse in his own home than when he takes to the streets, but, conversely, there is little likelihood of an immediate breach of the peace when one can abruptly hang up the receiver. It suffices for our purposes to observe that the words "abusive" and "threatening" standing alone are unconstitutionally overbroad. Nor are we confronted with the question whether a statute may regulate the speech of unsolicited callers more broadly than that of recipients of such calls, for the statute draws no such distinction. Compare the Federal legislation, 47 U.S.C. § 223.

district court recognized the statute's overbreadth for it felt obliged to construe it as proscribing only obscene and threatening calls before upholding it as constitutional. This conclusion was reached by application of the rule of *noscitor a sociis*—general and specific words are associated with and take color from each other, so that the general words are restricted to senses that are analogous to the more specific words. 363 F.Supp. 921, at 927, *quoting* Black's Law Dictionary 1209 (Rev. 4th ed. 1968). We believe the court erred in so holding. First, we doubt the power of federal courts to supply limiting constructions of state statutes. "Only the [state] courts can supply the requisite construction, since of course 'we lack jurisdiction authoritatively to construe state legislation.' " *Gooding v. Wilson,* 405 U.S. 518, 520, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972); *United States v. Thirty-Seven Photographs,* 402 U.S. 363, 369, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). Moreover, it is far from clear that the Virginia court would hold that the general words of the statute are made more specific by their conjunction with other general words. Words like "vulgar," "profane," and "indecent" have sometimes been interpreted as meaning "obscene," but only when they have been used in conjunction with other, more specific adjectives like "obscene," "lewd" and "lascivious." *See, e. g. Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *Winters v. New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948). Indeed, the district court, in concluding that the presence of the word "vulgar" does not render the statute unconstitutional, relied upon a decision upholding the Louisiana Statute, which prohibits anonymous calls involving "obscene, profane, vulgar, lewd, lascivious, or indecent language, suggestions, or proposals of an obscene nature * * *." *State v. Hertzog,* 241 La. 783, 131 So.2d 788 (1961). Similarly, as to the word "threatening", the court relied upon an opinion upholding the Texas statute, which prohibits use of a telephone "with intent to harass, annoy, torment, abuse,

threaten, or intimidate another * *." *Alobaidi v. State,* 433 S.W.2d 440 (Ct.Cr. App.Tex.1968) *cert. denied* 393 U.S. 943, 89 S.Ct. 313, 21 L.Ed.2d 281 (1968). Section 18.1–238 provides no specific adjectives corresponding to those in the statutes cited above and for that reason is patently different.

 Accordingly, we hold that Mrs. Walker's detention is illegal because Virginia Code § 18.1–238 is facially and substantially overbroad and may not be enforced until and unless a limiting construction or partial invalidation by the state courts so narrows it as to remove its threat to constitutionally protected expression. See *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

In light of our disposition of the case, it is unnecessary for us to reach Mrs. Walker's claim that Virginia's two-tier court system denies her right to a jury trial.

Reversed.

