**V. M. RADFORD, Petitioner,**

v.

**Hon. A. A. WEBB, Judge of the General Court of Justice of Union County, North Carolina, District Court Division, Respondent.**

**No. C–C–77–003.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Feb. 20, 1978.

George S. Daly, Jr., Casey & Daly, P. A., Charlotte, N. C., for petitioner.

Jacob L. Safron, Sp. Deputy Atty. Gen., Dept. of Justice, Raleigh, N. C., for respondent.

## ORDER

McMILLAN, District Judge.

Petitioner was convicted of a misdemeanor violation of N.C.G.S. § 14–196 in Union County District Court on December 30, 1976, upon a charge that he had used "profane, indecent and threatening language" over a telephone. Petitioner entered an agreed plea of guilty and received a sentence of four months' imprisonment, suspended for an unspecified term upon condition that he "at no time . . . call Sheriff's Dept., Union County or any law enforcement officer at anytime & use prof. language." Petitioner was also required to pay the costs of the district court action and he did so. In his application for writ of habeas corpus petitioner makes only one claim—that N.C.G.S. § 14–196 is overbroad on its face and violates the First and Fourteenth Amendments.

By order filed May 25, 1977, the court held that petitioner had exhausted his state remedies and that the case was ready for decision. Although petitioner has not served any active time, there is still uncertainty as to whether the period for which his sentence was suspended has expired. For this reason the petition is not moot.

Before reaching the merits of petitioner's claim, however, the court must address one further argument raised by respondent after the order of May 25, 1977. Respondent contends that since petitioner

initially accepted the plea arrangement in the district court and only later decided that he wished to contest the matter in the Superior Court he should be barred from seeking this writ because of "unclean hands." The court sees no merit in this argument. As respondent contended earlier, petitioner's plea of guilty did not foreclose his right to contest whether the facts charged "constitute an offense punishable under the laws and Constitution." *State v. Perry,* 265 N.C. 517, 144 S.E.2d 591 (1965). Furthermore, it should be noted that petitioner's attempt to appeal to the Superior Court placed him in substantial jeopardy of receiving a harsher sentence after a trial *de novo* in that court. His willingness to litigate the constitutionality of N.C.G.S. § 14–196 even at the risk of a heavier punishment demonstrates the good faith of his actions. He was "spared" that risk only because his appeal was dismissed.

The statute under which petitioner was convicted provides in full:

"(a) It shall be unlawful for any person:

(1) To use in telephonic communications any words or language of a profane, vulgar, lewd, lascivious or indecent character, nature or connotation;

(2) To use in telephonic communications any words or language threatening to inflict bodily harm to any person or physical injury to the property of any person, or for the purpose of extorting money or other things of value from any person;

(3) To telephone another repeatedly, whether or not conversation ensues, for the purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number;

(4) To make a telephone call and fail to hang up or disengage the connection with the intent to disrupt the service of another;

(5) To telephone another and to knowingly make any false statement concerning death, injury, illness, disfigurement, indecent conduct or criminal conduct of the person telephoned or of any member of his family or household with the intent to abuse, annoy, threaten, terrify, harass, or embarrass;

(6) To knowingly permit any telephone under his control to be used for any purpose prohibited by this section.

"(b) Any of the above offenses may be deemed to have been committed at either the place at which the telephone call or calls were made or at the place where the telephone call or calls were received.

"(c) Anyone violating the provisions of this section shall be guilty of a misdemeanor and shall be subject to a fine or imprisonment, or both, in the discretion of the court."

N.C.G.S. § 14–196. It appears from the charge against petitioner that he was convicted of violating subsection (a)(1) and possibly subsection (a)(2), although it is unclear whether the use of the word "threaten" meant to charge an offense under subsection (a)(2) or subsection (a)(5). Petitioner was charged in general language and no separate subsection or subsections of the statute were listed. The record does not show exactly what petitioner is supposed to have said.

The Court of Appeals for the Fourth Circuit has recently had occasion to examine a statute similar to N.C.G.S. § 14–196 in the context of a claim that the statute was overbroad. *Walker v. Dillard,* 523 F.2d 3 (4th Cir. 1975). The Virginia statute involved in that case prohibited the use of "vulgar, profane, threatening or indecent language over any telephone . . .," 523 F.2d at 4, n. 1, and the charge against the petitioner arose out of a telephone argument with her neighbor. In the absence of any narrowing construction by the Virginia courts the court of appeals concluded that the statute was "facially and substantially overbroad." 523 F.2d at 6.

■■■ There is nothing in this case to distinguish it from *Walker.* The language of N.C.G.S. § 14–196(a)(1) is broad enough to cover not only obscenity but also the use of words whose "connotation" is vulgar or profane. Such a sweeping prohibition would reach comments made in the course of heated argument or expressions of justi-

fied indignation just as easily as it could be applied to the traditional obscene phone call. A statute whose terms are thus susceptible of constitutional as well as unconstitutional application can only survive if it has been authoritatively construed to exclude speech which, though vulgar or offensive, is protected by the First and Fourteenth Amendments. *Lewis v. City of New Orleans,* 415 U.S. 130, 135, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); *Gooding v. Wilson,* 405 U.S. 518, 520, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). Section 14–196(a)(1) has received no such limiting construction. The one North Carolina case which has addressed the constitutional issue held that § 14–196(a)(1) was not overbroad. *In Re Simmons,* 24 N.C.App. 28, 210 S.E.2d 84 (1974). The court there stated:

"Use of one's telephone clearly involves substantial privacy interests which the State may recognize and protect. G.S. § 14–196(a)(1) seeks to protect that interest from an invasion made in an essentially intolerable manner. The means chosen by the Legislature were both appropriate and sufficiently narrowed to achieving the legitimate ends sought to be attained."

24 N.C.App. at 30, 210 S.E.2d at 86. While recognizing the legitimacy of the state's interest in protecting privacy and its right to proscribe obscene, threatening or harassing phone calls, the court does not agree that the statute as presently drafted and construed is "sufficiently narrowed."

It makes no difference in this case that petitioner was also charged with using "threatening" language. As the Supreme Court has acknowledged, the word "threat" may also cover speech which is constitutionally protected. *Watts v. United States,* 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). Section 14–196(a)(2) makes no distinction between language which is abusive but merely hyperbolic and that which can be construed as expressing an actual intention of inflicting injury. The only reported case involving § 14–196(a)(2) did not address the proper scope of the subsection. *State v. Jacobs,* 25 N.C.App. 500, 214 S.E.2d 254 (1975).

For the reasons stated the court concludes that petitioner's conviction cannot stand. The court expresses no opinion on whether petitioner could constitutionally have been convicted under § 14–196(a)(3), (4) or (5).

IT IS THEREFORE ORDERED that petitioner's application for a writ of habeas corpus is granted. To the extent that his suspended sentence is still operative it is hereby declared void and of no effect. By separate order in *Radford v. Clerk,* No. C–C–77–4, the court will deal with the question of expungement of petitioner's arrest and conviction records.