IN THE MATTER OF TAMMY WEAVER

No. 7928DC219

(Filed 2 October 1979)

1. **Infants § 17— juvenile proceeding—admissibility of confession to social worker**

   Miranda warnings were not required to render admissible statements made by a juvenile to a social worker; however, in order to be admissible in a juvenile proceeding, such statements must have been made voluntarily and understandingly, and the court's overruling of an objection to the admission of such statements constitutes an implied finding that the statements were voluntarily and understandingly made when there is no conflict in the evidence as to the circumstances under which the statements were made.

2. **Infants § 20— commitment of juvenile to training school**

   There was ample evidence in the record to support a conclusion that a 13-year-old juvenile delinquent was committed to a training school because the court felt that the threat to the safety of property in the community required that she be sent to a training school and not because the county department of social services could not find an appropriate placement for her. G.S. 7A-286(4).

APPEAL by respondent from *Israel, Judge.* Judgment entered 11 January 1979 in District Court, BUNCOMBE County. Heard in the Court of Appeals 21 May 1979.

This case was begun by the filing of a petition on 2 January 1979 by Pat Webb, a social worker for the Buncombe County Department of Social Services, alleging that respondent, a 13-year-old child, is a delinquent. Ms. Webb testified at the hearing that she saw respondent in the Social Services Building sometime after 5 November 1978. At that time, respondent told Pat Webb she had taken $60.00 from a Mr. Roberts. Ms. Webb testified further that she waited until January 1979 to file the petition because she was trying to work with respondent. The court found the child was delinquent and ordered her committed to the North Carolina Department of Human Resources, Youth Services Division, for a indeterminate period of time not to exceed her 18th birthdate. Respondent has appealed.

*Attorney General Edmisten, by Associate Attorney Steven Mansfield Shaber, for the State.*

*Public Defender Peter L. Roda for respondent appellant.*

In re Weaver

WEBB, Judge.

[1] The respondent's first assignment of error is to the admission of the testimony of Pat Webb that the respondent told her she had taken $60.00 from Mr. Roberts. Respondent contends that this testimony should have been excluded because she was not given a Miranda warning. Ms. Webb is not a law enforcement officer, and she was not required to warn respondent of her constitutional right against self-incrimination. However, to be admissible against respondent, the statement she made to Ms. Webb must have been voluntarily and understandingly made. *In re Ingram*, 8 N.C. App. 266, 174 S.E. 2d 89 (1970). In this case the respondent objected to the admission of her confession but offered no evidence relating to the admission of her extra-judicial confession. This Court held in *In re Simmons*, 24 N.C. App. 28, 210 S.E. 2d 84 (1974) that when an objection is made at a juvenile hearing to the admission of an extra-judicial confession on the ground that it was not made voluntarily and understandingly, and there is no conflict in the evidence as it bears upon the circumstances under which the confession was made, the overruling of the objection to the admission of the testimony amounts to an implied finding that the confession was voluntarily and understandingly made. The respondent's first assignment of error is overruled.

[2] The respondent next assigns as error her commitment to the Youth Services Division of the Department of Human Resources. She contends this violates G.S. 7A-286(4) which provides:

In the case of any child who is delinquent or undisciplined, the court shall consider the following summary of State policy in relation to such child in order to design an appropriate disposition to meet the needs of the child and to achieve the objective of the State in exercising these two categories of juvenile jurisdiction: . . . A commitment to training school or to any State institution is generally appropriate only for a child over 10 years of age whose offense would be a crime if committed by an adult and where the child's behavior constitutes some threat to the safety of persons or property in the community so that the child needs to be removed from the community for the protection of the community.

The respondent argues that she was sent to training school because the Buncombe County Department of Social Services could not find appropriate placement for her and not because she was a threat to the safety of persons or property in the community. Apparently respondent bases this argument on the testimony of Pat Webb in which Ms. Webb said that she waited two months to sign the petition because she was trying to work with respondent. We do not base our decision on whether the provisions of the statute are mandatory. Conceding for purpose of argument that Ms. Webb's reason for filing the petition two months after the theft was because she could not find a place for respondent, the court could have felt that the threat to the safety of property in the community required the respondent to be sent to a training school. There was ample evidence for the court to so conclude. We cannot disturb its judgment.

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.