### Richmond

CLINTON REGINALD PERKINS

v.

COMMONWEALTH OF VIRGINIA

No. 1762-89-2

Decided March 5, 1991

8

**COUNSEL**

Steven D. Benjamin, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.—In a jury trial on March 20, 1989, the defendant, Clinton Reginald Perkins, was convicted of threatening to burn the dwelling house of Bruce Overton in violation of Code § 18.2-83. On May 18, 1989, the defendant was convicted by the court on two misdemeanor charges of using obscene, vulgar, profane, lewd, lascivious, or indecent language or threatening an illegal or immoral act with the intent to coerce, intimidate or harass over the telephone in violation of Code § 18.2-427. On appeal, the defendant asserts that: (1) Code §§ 18.2-427 and 18.2-83 are unconstitutionally overbroad; (2) Code §§ 18.2-427 and 18.2-83 are unconstitutionally vague; and (3) the trial court erred in permitting evidence of statements and other misconduct by the defendant which were inflammatory and irrelevant.

On November 4, 1988, Bruce Overton was working as a pharmacist at the Bellevue Pharmacy in Richmond. The defendant entered the pharmacy and ordered food from the fountain. While the food was being prepared, the defendant wandered throughout the store. The defendant left the store, but soon returned and bought a beer. He left again only to return. The defendant asked a store clerk for change for a one hundred dollar bill. The clerk asked Overton for approval. Overton refused because the pharmacy was low on petty cash. The defendant then asked for change for a fifty dollar bill. Overton explained that he would not give change unless the defendant made a substantial purchase. The defendant responded, "Okay, Jew, what do you want me to buy?" Overton told the defendant to get out of the store. The defendant warned Overton that he did not know who he was "messing with." The defendant left as Overton called 911. Officer James S. Moore responded to the call. Based on Overton's description, Officer Moore suggested that the man in the store had been the defendant.

Shortly after the police officer left, the defendant called the pharmacy and spoke to Overton. The defendant said:

Don't you know they can't do anything with me? How many officers came? Don't you know I'm the top white nigger of Bellevue Avenue. . . . I'm known around there. I run things. The police are scared of me and the Courts can't keep me in jail.

Overton asked the defendant if he was Clinton Perkins. The defendant replied:

No, this isn't Clinton Perkins. Clinton Perkins is too damn smart for you. I wish I was Clinton Perkins because if I was Clinton Perkins I would take a shotgun and blow your f_____ head off.

These comments frightened Overton who sent an employee to find Officer Moore. Officer Moore returned to the store, picked up the phone and recognized the defendant's voice.

The following Sunday, November 6, 1988, the defendant called Overton at work. The defendant asked if Overton had been to church that day and said his prayers. When Overton replied that he had not, the defendant responded, "I figured that. No Communist nigger lovin' bastard would see the inside of a church anyhow." The defendant said, "I bet you wish you had given me that change for that hundred dollars like I asked you the other night." The defendant added, "the next time I come in you better do what I tell you." The defendant then threatened to find out where Overton lived, rape his wife, "kill her, kill you and then burn your f_____ house down."

██ A preliminary issue is the standing of the defendant to make vagueness and overbreadth challenges to the statutes. The defendant alleges that the statutes are facially invalid. Such a challenge is a claim that the law is "invalid *in toto* — and therefore incapable of any valid application." *Steffel v. Thompson*, 415 U.S. 452, 474 (1974). Generally, a defendant may challenge the constitutionality of a law only as it is applied to him or her. *Grosso v. Commonwealth*, 177 Va. 830, 839, 13 S.E.2d 285, 288 (1941). An exception to this rule exists in the case of first amendment challenges. "The First Amendment doctrine of . . . overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to

others." *Massachusetts v. Oakes*, 491 U.S. 576, 581 (1989); *see also Broadrick v. Oklahoma*, 413 U.S. 601, 611-12 (1973). The rationale for this exception is that an overly broad statute may serve to chill protected speech. *Bates v. State Bar of Arizona*, 433 U.S. 350, 380 (1977).

Similarly, in *Coleman v. City of Richmond*, 5 Va. App. 459, 463, 364 S.E.2d 239, 242, *reh'g denied*, 6 Va. App. 296, 368 S.E.2d 298 (1988), this Court allowed a facial attack on the ground of vagueness even though the litigant's own speech was unprotected, relying on *Kolender v. Lawson*, 461 U.S. 352 (1983). *See also Secretary of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 965 n.13 (1984)(recognizing facial challenges although the litigant's conduct may be proscribed). The Commonwealth asserts that an allegation that a statute is unconstitutionally vague cannot be made by one engaged in conduct "clearly proscribed" by the statute. *See Parker v. Levy*, 417 U.S. 733, 756 (1974); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982). This same argument was made in *Kolender*, 461 U.S. at 369-71 (White, J., dissenting), but it was rejected by the majority, which stated, "we have traditionally viewed vagueness and overbreadth as logically related and similar doctrines." *Id.* at 358 n.8. The Court also distinguished *Parker* on the ground that the Court "deliberately applied a less stringent vagueness analysis '[b]ecause of the factors differentiating military society from civilian society,' " and distinguished *Village of Hoffman Estates* because it concerned "business behavior" which "is subject to a less strict vagueness test." 461 U.S. at 358-59 n.8. Therefore, the defendant has standing to challenge Code §§ 18.2-427 and 18.2-83 on overbreadth and vagueness grounds.

An ordinance is overbroad if it deters constitutionally protected conduct. A challenge of overbreadth is based on the ground that legislation, even if·"lacking neither clarity nor precision, . . . offends the constitutional principle that 'a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.' " *Zwickler v. Koota*, 389 U.S. 241, 250 (1967) quoting *NAACP v. Alabama*, 377 U.S. 288, 307 (1963); *see generally* Annotation, *Supreme Court's Views as to Overbreadth of Legislation in Connection with First Amendment Rights*, 45 L. Ed. 2d 725 (1976).

The overbreadth doctrine has been described as "strong medicine" and, where conduct and not merely speech is involved, as not voiding a statute unless it is substantially overbroad in relation to the statute's plainly legitimate sweep. *Broadrick*, 413 U.S. at 613; *see also City of Houston v. Hill*, 482 U.S. 451, 458 (1987); *New York v. Ferber*, 458 U.S. 747, 769 (1982). "It has been employed by the Court sparingly and only as a last result." *Broadrick*, 413 U.S. at 613.

Code § 18.2-427 provides:

> If any person shall use obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass any person, over any telephone . . . he shall be guilty of a Class 1 misdemeanor.

The defendant asserts that by using the terms "obscene," "vulgar," "profane," "lewd," "lascivious" and "indecent" in the disjunctive the statute reaches constitutionally protected speech. The defendant relies on *Walker v. Dillard*, 523 F.2d 3 (4th Cir.), *cert. denied*, 423 U.S. 906 (1975), which found the predecessor of Code § 18.2-427 to be facially overbroad.[1] In *Walker*, the Court stated: "Nearly every operative word of the statute is susceptible of an overbroad construction, and several have been stricken at one time or another for indefiniteness." *Id.* at 5. The defendant also asserts that the statute is defective because it does not require an unwilling listener and thereby "criminalizes telling an 'off-color' joke to a willing listener or forbids a sexually oriented conversation between lovers." *State v. Keaton*, 371 So. 2d 86, 90 (Fla. 1979).

 In addressing a facial overbreadth challenge, the first task is to ascertain whether the statute reaches constitutionally protected speech. *Houston*, 482 U.S. at 458. In so doing, we consider the actual text of the statute as well as any limiting construction that may be placed on the statute. *See Kolender*, 461 U.S. at 355. "Facial overbreadth has not been invoked when a limiting con-

---

[1] Code § 18.1-238 provided:
If any person shall curse or abuse anyone, or use vulgar, profane, threatening or indecent language over any telephone in this state, he shall be guilty of a misdemeanor.

struction has been or could be placed on the challenged statute." *Broadrick*, 413 U.S. at 613. "[A] state statute should not be deemed facially invalid unless it is not readily subject to a narrowing construction by the state courts." *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216 (1975). "Courts routinely construe statutes so as to avoid the statutes' potentially overbroad reach, apply the statute in that case, and leave the statute in place." *Osborne v. Ohio*, 495 U.S. 103, 119 (1990). Only the state courts can supply the requisite narrowing construction because the federal courts lack jurisdiction to construe state legislation. *Gooding v. Wilson*, 405 U.S. 518, 520 (1972).

In assessing the constitutionality of a statute, we must presume that the legislative action is valid. The burden is on the challenger to prove the alleged constitutional defect. *Coleman*, 5 Va. App. at 462, 364 S.E.2d at 241. It is abundantly clear that if the statute is construed so that the phrase "with the intent to coerce, intimidate, or harass" applies to the words that it directly follows and also applies to the use of "obscene, vulgar, profane, lewd, lascivious, or indecent language," then the overbreadth argument would fall. When the statute is so read, it proscribes conduct and not speech.

We may construe our statutes to have a limited application if this will "tailor the statute to a constitutional fit." *Id*. "If a statute can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that construction." *Pedersen v. City of Richmond*, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979). Under these principles, we read the phrase, "with the intent to coerce, intimidate, or harass" as applying to the use of "obscene, vulgar, profane, lewd, lascivious, or indecent language." In view of the legislature's amendments to the statute following the decision in *Walker*, we conclude that the legislature intended to address harassing conduct as the evil to be proscribed and intended to narrow the scope of the speech phrases to that which is obscene. This construction is not strained and removes protected speech from within the statute's sweep. *See United States v. Lampley*, 573 F.2d 783 (3d Cir. 1978)(constitutionality of federal statute prohibiting harassing interstate telephone calls upheld); *see also Gormley v. Director, Connecticut State Dep't of Probation*, 632 F.2d 938 (2d Cir.), *cert. denied*, 449 U.S. 1023 (1980)(upholding Connecticut telephone harassment statute);

*State v. Elder*, 382 So. 2d 687 (Fla. 1980).

The statute read in this manner does not run afoul of the decision in *Walker v. Dillard*. In *Walker*, the federal court did not have the power to supply a limiting construction to the state statute. 523 F.2d at 6. The construction also avoids the possibility of prosecution when the listener consents to the use of such language.

Code § 18.2-83(A) provides:

> Any person (a) who makes and communicates to another by any means any threat to bomb, burn, destroy or in any manner damage any place of assembly, building or other structure, or any means of transportation . . . shall be guilty of a Class 5 felony.

The defendant asserts two grounds for alleging that the statute is overbroad: (1) the statute does not require any criminal *mens rea*, thus punishing one who "jokingly" threatens such behavior; and (2) the statute criminalizes a threat to destroy even one's own property.

In *Maye v. Commonwealth*, the Supreme Court of Virginia stated:

> A claim that a statute on its face contains no requirement of *mens rea* or *scienter* is no ground for holding the statute unconstitutional since such requirement will be read into the statute by the court when it appears the legislature implicitly intended that it must be proved.

213 Va. 48, 49, 189 S.E.2d 350, 351 (1972); *see also Molash v. Commonwealth*, 3 Va. App. 243, 246, 348 S.E.2d 868, 870 (1986). Therefore, Code § 18.2-83 can be read as requiring a criminal *mens rea*. Such a narrowing construction of this statute prevents overbreadth. Only an individual who maliciously "makes and communicates . . . any threat" prohibited by the statute will be punished.

As for threats to destroy one's own property, "[t]he mere fact that one can conceive of some impermissible application of a statute is not sufficient to render it susceptible to an overbreadth challenge; there must be a realistic danger that the statute itself

will significantly compromise recognized First Amendment protections of parties not before the court for the statute to be facially challenged on overbreadth grounds." *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800-01 (1984); *see also City of Houston*, 482 U.S. at 458. Such a realistic threat does not exist in this instance.

The defendant's challenge that the statutes are vague also cannot stand. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender*, 461 U.S. at 357. The fourteenth amendment due process clause insists that laws "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that they may act accordingly" and provide "explicit standards for those that apply them." *Coleman*, 5 Va. App. at 466, 364 S.E.2d at 243 (*quoting Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)). This applies with "particular force in review of laws dealing with speech." *Hynes v. Mayor of Oradell*, 425 U.S. 610, 620 (1976).

The defendant alleges that it is uncertain under Code § 18.2-427 exactly what conduct is prohibited. However, under the construction placed on the statute by the Court, this is not the case. By requiring that the language be used with the intent to "coerce, intimidate, or harass," the statute gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited. The police cannot make arbitrary arrests under the statute. By requiring a criminal *mens rea*, the alleged vagueness has been remedied.

Similarly, Code § 18.2-83 is not vague. A threat, in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property. The communication, taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent. Perkins' conduct clearly falls within the statute's plain meaning.

The defendant alleges that by permitting testimony that the defendant made inflammatory statements, including a racial slur, the court denied the defendant a fair trial free from passion and prejudice. The defendant also alleges that by permitting testimony that the defendant said that jails could not hold him, the court

erred in allowing evidence of other misconduct to be adduced at trial.

 The court issued a limiting instruction to the jury:

Ladies and gentlemen, the witness has testified that the accused made certain statements to the boasting of his status in the community and also threatening to do other things, other than what he is accused of in this indictment. You all are not to consider those statements in considering whether he threatened to burn Mr. Overton's home or not but you are to consider those in the context of his entire conversation but not whether or not he threatened to burn . . . witness' residence.

"Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the [defendant does not have a] right to have the evidence 'sanitized' so as to deny the jury knowledge of all but the immediate crime." *Scott v. Commonwealth*, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984). Also, "unless the record shows the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given." *Hogan v. Commonwealth*, 5 Va. App. 36, 44, 360 S.E.2d 371, 375 (1987). Therefore, the trial court did not abuse its discretion in denying the defendant's motion for a mistrial.

Code §§ 18.2-427 and 18.2-83 are neither unconstitutionally overbroad nor vague. Also, the court did not improperly permit evidence of inflammatory statements and irrelevant misconduct. Accordingly, the decision of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.