## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Eugene Oliver

### May 10, 1993

### Case Nos. (Criminal) 79508 and 79569

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the court is the Commonwealth of Virginia's motion to consolidate the trials of two offenses charged in separate indictments against the defendant, Eugene Oliver.

The defendant is charged with threatening to burn a structure in which his wife resided and with attempted murder of his wife, the latter charge arising from the actual burning of a house in which his wife was staying. The statutes involved are Va. Code §§ 18.2–83, 18.2–32 and 18.2–26. The motion is granted for the reasons that follow.

The trial court, in its discretion, may try a defendant for more than one offense at the same time without his consent only if justice does not require separate trials and the offenses are based on the same act or transaction or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan. Virginia Supreme Court Rules 3A:6(b) and 3A:10(b); *Ferrell v. Commonwealth*, 11 Va. App. 380, 386 (1990). While the offenses in question are not based on the same act or transaction, and are not based on two or more acts or transactions that constitute a common scheme or plan,[1] they are, argu-

---

[1] A common scheme or plan is present only if the "relationship among offenses . . . is dependent upon the existence of a plan that ties the offenses together and demon-

ably, "connected."[2]

The resolution of this motion also requires consideration of a related principle of law which limits the admissibility of evidence of other crimes committed by the defendant. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272 (1970). If the evidence of all the joined crimes would not be mutually admissible for legitimate purposes in separate trials of each offense (assuming no joinder), consolidation cannot be properly ordered. *Ferrell v. Commonwealth*, 11 Va. App. at 386–87.

Only crimes which are unrelated to those on trial, and which are "offered [as evidence] solely for the purpose of showing that the accused was a person of such character as to be a likely perpetrator of the offense charged" should be excluded from admission. *Scott v. Commonwealth*, 228 Va. 519, 527 (1984). Evidence of other crimes is admissible to show the "conduct and feeling of the accused toward his victim . . . [to] establish[ ] their prior relations, or if it tends to prove any relevant element of the offense charged . . . . [such as] motive, intent or knowledge of the accused . . . or where the evidence is connected with or leads up to the offense for which the accused is on trial." *Kirkpatrick v. Commonwealth*, 211 Va. at *id*; *Callahan v. Commonwealth*, 8 Va. App. 135, 141 (1989). Consistent with these limitations, evidence of relevant and connected facts which both precede and follow the commission of the crime on trial is admissible. *Scott v. Commonwealth*, 228 Va. at 526–27; *Moore v. Commonwealth*, 222 Va. 72, 77 (1981); *Brown v. Commonwealth*, 208 Va. 512, 516 (1968).

In this case, evidence relating to each of the charges is admissible in the trial of the other. Under the holding in *Callahan v. Commonwealth, supra*, evidence of the alleged threats is admissible in the trial of the attempted murder charge to show the relationship between the parties as well as the defendant's intent. *See also* 29 Am. Jur. 2d, *Evidence*, § 360 at 409.

Evidence that the defendant burned the house in which his wife was residing may be admitted in the trial of the threat to burn charge on

---

strates that the objective of each offense was to contribute to the achievement of a goal not obtainable by the commission of any of the individual offenses." *Godwin v. Commonwealth*, 6 Va. App. 118, 122 (1988), quoting 2 ABA *Standards for Criminal Justice* § 13–1.2 at 13.9 (2d ed. 1986 Supplement.).

[2] Offenses are "connected" when they are "so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety." *Spence v. Commonwealth*, 12 Va. App. 1040, 1044 (1991).

essentially the same grounds. To prove the threat to burn charge, the Commonwealth must establish of that crime the following elements beyond a reasonable doubt:

1. That the defendant made and communicated a threat "maliciously;" *Perkins v. Commonwealth*, 12 Va. App. 7, 15 (1991);[3]

2. That the communication avows or makes apparent an intent to injure another's person or property; *Perkins v. Commonwealth*, 12 Va. App. at 16;

3. That the communication is one which reasonably causes the receiver to believe that the speaker will act according to his expression of intent. *Id.*

The defendant argues that evidence relating to the attempted murder charge based on the actual burning of the house in which defendant's wife was staying is not admissible in the trial of the threat to burn charge. Defendant contends that evidence of the intent to carry out the threat is not relevant and that whether the threatened act is completed is thus immaterial, citing, *inter alia*, the Model Penal Code § 211.3 comment (1980) and *Allen v. State*, 453 A.2d 1166 (Del. Supr. 1982).

Accepting *arguendo* as correct defendant's statement of the law, it fails to address the admissibility of such evidence on the mens rea or guilty mind element of the threat to burn charge which must be proved under *Perkins*. Thus, evidence of the defendant's state of mind and the purpose with which he acted, as manifested by his relationship with and feelings about his wife and as manifested by his prior and subsequent conduct toward her is relevant to the intent with which the alleged threat was made. *See Scott v. Commonwealth, supra; Moore v. Commonwealth, supra; Brown v. Commonwealth, supra;* 29 Am. Jur. 2d, *Evidence*, § 360 at 409410 ("In criminal prosecutions, evidence of antecedent or subsequent threats, quarrels, or hostility, is admissible as tending to show that an act was done with malice.") (citations omitted).

---

[3] The intent with which a person acts is usually proved by the person's conduct and statements. *Merritt v. Commonwealth*, 164 Va. 653, 662 (1935). Where malice must be shown, generally the evidence must establish that the accused acted out of "spite, ill will or an evil motive" and not merely that he intentionally did a wrongful act. 21 Am. Jur. 2d, *Criminal Law*, § 134 at 269, citing *Fears v. State*, 265 P. 600, 601 (1928).

Based on the above analysis, the Commonwealth's motion to consolidate the trials of the two offenses with which the defendant has been charged is granted.

Counsel for the defendant has asked that substitute counsel be appointed to represent the defendant in the event the attempted murder charge was consolidated with the threat to burn charge, on which she presently is counsel. Corinne Magee, Esq., is hereby appointed to represent the defendant on that charge.