COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


JAMES BILLY HENRY

                                  MEMORANDUM OPINION[*] BY
v.  Record No. 0520-96-4          JUDGE JAMES W. BENTON, JR.
                                        JUNE 17, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                    Dennis L. Hupp, Judge

        Thomas D. Logie for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.



    James Billy Henry was convicted of threatening to burn a

home in violation of Code § 18.2-83.  On this appeal he raises

the following nine issues:

1.  Was the evidence sufficient as a matter of law to
    sustain the guilty verdict of the jury?

2.  Was the evidence sufficient as a matter of law to prove
    that [Henry] uttered a threat containing his present
    intention to burn the trailer?

3.  Was the evidence sufficient as a matter of law to prove
    that the complaining witness was actually put in fear
    that [Henry] would burn the trailer as a result of the
    alleged threat, and was any such fear reasonable, under
    the doctrine of Perkins v. Commonwealth, 12 Va. App. 7,
    402 S.E.2d 229 (1991)?

4.  Should the trial [judge] have permitted the
    Commonwealth to introduce evidence in its case in chief
    that [Henry] had been convicted of misdemeanor offenses
    which did not involve moral turpitude which occurred
    after the alleged incident in this case?

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

5.    Assuming that the Commonwealth should have been permitted to introduce any evidence of subsequent criminal acts on the part of [Henry], should the Commonwealth have been permitted to introduce the verdicts of the General District Court?  If so, should the Commonwealth have had to first establish the alleged incidents so as to expose its complaining witness to cross-examination concerning the alleged incidents?

6.    In these circumstances, should the Commonwealth have been permitted to introduce any evidence at all concerning other alleged criminal acts against the complaining witness of which [Henry] had been accused?  If so, were some of the alleged incidents too far afield to be relevant or to have their probative value outweigh their prejudicial effect?

7.    Should the [trial judge] have given a cautionary instruction to the jury concerning the limited use of the "other offenses" evidence in this case, assuming that such evidence was properly admitted in the first place?

8.    Did the trial [judge] err in failing to find that the probative value of the evidence outweighs its prejudicial effect, or in the alternative did the [trial judge] err in making such a finding if in fact one was made?

9.    Did the Commonwealth prove that the trailer which [Henry] was accused of threatening to burn was a "house" within . . . Code Section 18.2-83?

For the reasons that follow, we affirm the conviction.

## Facts

Henry was indicted for threatening to burn Lisa Mathews' trailer home.  The evidence at trial proved that Henry and Mathews were cousins.  Mathews often drove Henry to places.  In return, Henry gave her money for gas and other incidental expenditures.

Mathews testified that a dispute arose between them in 1994

when he asked her to lend him money and she refused.  On November 26, 1994, she received a telephone call from Henry.  Henry asked Mathews if she had the money he needed for his court costs.  When Mathews told Henry that she did not have money to give him, Henry stated, "either you get the money, or I'm going to burn your . . . house down, with you and the baby in it."  He immediately hung up the phone.

Mathews testified that Henry's telephone call caused her to become "[s]cared, afraid, [and] frightened."  She was afraid "[t]hat he was going to come and burn [her] house down, because [she] didn't have the money to give him."  Mathews did not immediately report the threat.

Mathews testified that over the next several months, Henry threatened her, assaulted her, and damaged her vehicle.  Between November and March, Mathews reported those other threats and obtained warrants for his arrest.  Following those other threats, Mathews went to the magistrate on March 15, 1995 and reported Henry's threat to burn her residence.  Mathews testified that she did not immediately report the threat to burn her house "because [she] didn't really feel, at the time, that he was going to do anything."

Henry testified and denied making the threat.  He further testified that Mathews became hostile and sought to punish him because he stopped giving her money.

The jury convicted Henry of threatening to burn Mathews'

residence and recommended a sentence of twelve months in jail and a fine of $1,500. The trial judge imposed the jury's sentence.

Other Crimes Evidence (Issues 4, 5, 6, 7, and 8)

Over Henry's objection, the judge ruled that the prosecutor would be permitted to introduce redacted warrants showing Henry's convictions for offenses against Mathews between November 26, 1994 and March 15, 1995. In addition, the judge ruled that Henry would be permitted to introduce evidence of the number and nature of the charges brought by Mathews against Henry and to prove the acquittals.

At trial, Mathews testified that although Henry threatened to burn down her trailer on November 26, 1994, she did not obtain the warrant for the threat to burn until March 15, 1995. She testified, however, that the threat frightened her. The Commonwealth introduced warrants showing that Henry was convicted of making obscene phone calls to Mathews on December 7, 1994 and February 22, 1995, of assault and battery against Mathews on December 9, 1994, and of damaging her vehicle on February 21, 1995. Mathews testified that Henry's conduct after November enhanced her concern about his November threat to burn her trailer. Henry's counsel cross-examined Mathews as to the dates she went to the magistrate to obtain the several warrants. Henry's counsel introduced evidence that Henry was acquitted of some charges Mathews brought against him during that time period.

Generally, evidence of an accused's other bad acts is

inadmissible to prove that the accused committed the crime for which the accused is on trial. See Rodriguez v. Commonwealth, 249 Va. 203, 206, 454 S.E.2d 725, 727 (1995).

> Well established exceptions to the general rule of exclusion of other bad acts evidence apply where the evidence is relevant to show some element of the crime charged. To be admissible as an exception, evidence of other bad acts must be relevant to an issue or element in the present case.

Morse v. Commonwealth, 17 Va. App. 627, 631, 440 S.E.2d 145, 148 (1994). The other bad acts may have occurred either before or after the offense for which the accused is on trial. See Stockton v. Commonwealth, 227 Va. 124, 142, 314 S.E.2d 371, 383 (1984).

The relevance of other bad acts evidence to prove an issue or element must outweigh the inherent prejudice of proving that the accused has committed such other acts. See Lafon v. Commonwealth, 17 Va. App. 411, 418, 438 S.E.2d 279, 283 (1993). However, the principle is well established that the balancing of probative value and prejudice "is committed to the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of discretion." Id.

The trial judge did not abuse his discretion in admitting the evidence of the other crimes. The evidence concerned events occurring within the weeks and months following Henry's threat to burn Mathews' house. The evidence of the other bad acts showed Henry's feelings toward Mathews and negated any suggestion that

- 5 -

his statements were hyperbole.  The trial judge properly found that the evidence was relevant to show Henry's conduct and attitude toward Mathews.  See Moore v. Commonwealth, 222 Va. 72, 76, 278 S.E.2d 822, 824 (1981); see also Smith v. Commonwealth, 239 Va. 243, 256, 389 S.E.2d 871, 878 (1990) (upholding the admission of evidence of other offenses when offered to prove premeditation, motive or intent, conduct and feelings of accused toward victim, and absence of accident or mistake).  The evidence was also relevant to explain why Mathews delayed in reporting the incident.  Mathews testified that the threat frightened her.  The evidence of other crimes tended to prove that subsequent events intensified Mathews' fear over the original threat.  Thus, the evidence was connected to the crime for which Henry was on trial and tended to prove facts in issue.  See Scott v. Commonwealth, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984).

Henry argues that the trial judge failed to find that the probative value of the evidence outweighed its prejudicial effect.  Henry failed to raise this issue in the trial court. Therefore, he is barred from raising that issue now on appeal. See Rule 5A:18.

The trial judge also did not abuse his discretion by allowing the conviction to be proved through the general district court judgment orders.  See Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994).  Moreover, the trial judge allowed Henry to cross-examine Mathews about the number and

nature of the charges of the other crimes.  Thus, Henry was allowed to prove acquittals.  The trial judge's limitation on Henry's cross-examination on this issue was not an abuse of discretion.

In addition, Henry failed to raise an objection in the trial court that the judgments should not have been used because they were rendered by a court not of record.  He may not raise that claim on appeal.  See Rule 5A:18.

Furthermore, any possible error was harmless.  The trial judge only allowed evidence of offenses that explicitly involved Mathews and only allowed redacted portions of the records, excluding any reference to the punishments.  In addition, the trial judge allowed Henry to provide an explanation of the events.  During Henry's testimony, his counsel admitted into evidence arrest warrants for other charges brought by Mathews against Henry in the past.

Finally, contrary to Henry's assertion that the trial judge refused to instruct the jury, the judge gave the following limiting instructions to the jury:

Instruction No. 6
You have heard evidence concerning other incidents between Lisa Mathews and the Defendant.  Some of these are the subject of the warrants which have been placed in evidence, and the Defendant was acquitted on some charges and convicted on others.  You may consider these incidents as they may bear on the possible motives and bias on the part of Lisa Mathews, the Defendant, or both, and for no other purpose except as may be permitted under Instruction No. 8.

<u>Instruction No. 8</u>
You may consider evidence that the defendant
was convicted of offenses against Lisa
Mathews other than the offense for which he
is on trial only as evidence of the
defendant's conduct and feeling toward the
victim and relations between them, in
connection with the offense for which he is
on trial and for no other purpose.

These instructions properly limited the jury's consideration of the other crimes evidence. Thus, the judge did not err in denying Henry's proposed Instruction A on the matter. See <u>Joseph v. Commonwealth</u>, 249 Va. 78, 90, 452 S.E.2d 862, 870 (stating that if principles set forth in a proposed instruction are "fully and fairly covered" in other granted instructions, the trial judge does not abuse discretion in refusing to grant the proposed instruction), <u>cert.</u> <u>denied</u>, 116 S. Ct. 204 (1995).

<u>The Trailer (Issue 9)</u>

Mathews testified that she was living in a "trailer . . . a mobile home." Mathews further testified that the trailer is "affixed to the ground" and that the trailer is "in the ground." The evidence further proved that the trailer is 60 feet long and 12 feet wide.

Henry testified that the trailer does not have running water and that the water runs off the gutter into a cistern. Henry made a motion to strike the evidence because "we do not have a building that is within the specific statute that's charged." The trial judge overruled the motion.

- 8 -

Code § 18.2-83 requires that the threat to burn be directed toward "any place of assembly, building or other structure, or any means of transportation."  It does not require that the threat to burn be directed toward a "house."  The evidence proved that the trailer rested on cinder blocks, had walls, and was Mathews' place of dwelling.  The evidence proved beyond a reasonable doubt that the trailer was a structure covered by the statute.  Cf. Rooney v. Commonwealth, 16 Va. App. 738, 432 S.E.2d 525 (1993).  Accordingly, Henry's argument that the evidence was insufficient to convict him because the Commonwealth failed to prove that Mathews' trailer was a "house" is without merit.

### Sufficiency of the Evidence (Issues 1, 2, and 3)

To establish the threat to burn under Code § 18.2-83, the Commonwealth was required to prove that Henry made and communicated to Mathews a "threat to bomb, burn, destroy or in any manner damage any place of assembly, building or other structure, or any means of transportation."

> A threat, in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property.  The communication, taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent.

Perkins v. Commonwealth, 12 Va. App. 7, 16, 402 S.E.2d 229, 234 (1991).

"On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence proved that when Mathews told Henry that she did not have money to give him, Henry responded, "either you get the money, or I'm going to burn your . . . house down, with you and the baby in it."  Mathews testified that appellant's words frightened her.  Mathews also testified that Henry's subsequent conduct lent credence to his earlier threat.  Thus, she became motivated to obtain an arrest warrant for Henry's threat to burn her home.

Henry's warning was a communication that "reasonably cause[d] the receiver to believe" that he would act on his expression of intent.  Perkins, 12 Va. App. at 16, 402 S.E.2d at 234.  The fact that Henry conditioned his threat upon Mathews' failure to give him money for court costs does not render his warning any less a threat.  Code § 18.2-83 is not limited to unconditional threats.  Even if it were, the evidence proved that Mathews told Henry that she did not have the money he needed; thus, Mathews had put herself within the terms of the condition.  See Duncan v. Commonwealth, 2 Va. App. 717, 723-24, 347 S.E.2d 539, 543 (1986).  Therefore, the trial judge properly refused Henry's proposed Instruction B, which defined threat as a statement of an "unconditional intent to burn."

The evidence also proved that, although initially not

motivated to seek a warrant for Henry's arrest, Mathews ultimately did so because Henry's later conduct represented an escalation of Henry's hostility toward her.  Indeed, Henry's subsequent conduct rendered reasonable Mathews' initial fear.

Accordingly, we affirm the conviction.

<u>Affirmed</u>.
