COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


MATTHEW DEAN WYATT

                                   MEMORANDUM OPINION[*] BY
v.   Record No. 0554-97-3        JUDGE JAMES W. BENTON, JR.
                                        MARCH 24, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                    B.A. Davis, III, Judge

        (Mary E. Harkins, on brief), for appellant.
        Appellant submitting on brief.

        (Richard Cullen, Attorney General; Michael T.
        Judge, Assistant Attorney General, on brief),
        for appellee.  Appellee submitting on brief.



     Matthew Dean Wyatt was convicted of making and communicating

a threat to burn a building in violation of Code § 18.2-83.  He

contends that the evidence failed to prove mens rea and failed to

prove he made an actual threat.  We affirm the conviction.

                              I.

     "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

inferences fairly deducible therefrom."  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So

viewed, the evidence proved that on August 8, 1996, Wyatt placed

several telephone calls to the residence of James Allen Mills,

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Jr. Mills had known Wyatt for about six months and recognized Wyatt's voice from many conversations with Wyatt both in person and over the telephone. Mills was acquainted with Wyatt because Wyatt had dated Mills' daughter. Mills disapproved of Wyatt dating his daughter, and, on a prior occasion, when Wyatt and Mills' daughter were living together, Mills had tried to get them to separate.

Mills answered four or five of Wyatt's telephone calls. During each of the calls, Wyatt asked to speak with Mills' daughter. Each time, Mills refused to allow Wyatt to talk to his daughter. During Wyatt's last telephone call to the Mills' residence, Wyatt told Mills that he would "just have to come down there and whip your fat ass and burn your house down." After Wyatt hung up the telephone, Mills immediately dialed a telephone code to determine the location from which Wyatt was calling. However, because the call came from out of state, the telephone service could not provide the telephone number. Four days later, Mills sought a warrant for Wyatt's arrest.

The trial judge found that Wyatt made a threat to burn Mills' residence as proscribed by the statute and convicted Wyatt.

## II.

In pertinent part, Code § 18.2-83 states that "[a]ny person . . . who makes and communicates to another by any means any threat to bomb, burn, destroy or in any manner damage any place

- 2 -

of assembly, building or other structure, or any means of transportation . . . shall be guilty of a Class 5 felony." Noting that the language of the statute "is not vague," this Court has ruled that "[a] threat, in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property." Perkins v. Commonwealth, 12 Va. App. 7, 16, 402 S.E.2d 229, 234 (1991).

Code § 18.2-83 does not require the Commonwealth to prove that Wyatt intended to carry out his threat to burn Mills' house. Proof that the threat was made and communicated satisfies the statutory requirements. See Parnell v. Commonwealth, 15 Va. App. 342, 346, 423 S.E.2d 834, 837 (1992). However, this Court has construed the statute to require proof that the threat to burn was malicious and "reasonably cause[d] the receiver to believe that the speaker will act according to his expression of intent." Perkins, 12 Va. App. at 15-16, 402 S.E.2d at 234.

The evidence proved that Wyatt and Mills had an antagonistic relationship stemming from Wyatt's contact with Mills' daughter. Mills' refusal to allow Wyatt to talk to Mills' daughter angered Wyatt. When Wyatt threatened to burn Mills' home, Wyatt also expressed hostility toward Mills by threatening to assault Mills. This evidence was sufficient to prove beyond a reasonable doubt that Wyatt's threat to burn Mills' house was maliciously made. "Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will . . .[,

and i]t may be directly evidenced by words."  Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947).

Wyatt argues that Mills' delay in seeking a warrant proves Mills was unconcerned about the threat.  We disagree.  Whether Mills reasonably believed that Wyatt intended to burn Mills' home was a question of fact for the trial judge.  See Bennett v. Commonwealth, 8 Va. App. 228, 233, 380 S.E.2d 17, 20 (1989).  The evidence in the record supports the finding that Mills' belief was reasonable.

The evidence proved that Mills did take the threat seriously.  Unlike several prior telephone conversations of that day, Mills attempted to locate Wyatt after the threat was made. Wyatt's threat to assault Mills, the animus between the men, and Mills' attempt to locate the place from which Wyatt called are sufficient to prove that Mills' belief was reasonable and that Mills was concerned about the threat.

Furthermore, Mills' delay in obtaining the warrant was a matter going toward Mills' credibility, an issue for the trier of fact.  See Love v. Commonwealth, 18 Va. App. 84, 90, 441 S.E.2d 709, 713 (1994).  Mills' delay of four days to obtain a warrant is not conduct that necessarily evidenced that Mills did not believe Wyatt would act on the statement.

Accordingly, we hold that the evidence was sufficient to prove beyond a reasonable doubt that Wyatt's conduct was in violation of Code § 18.2-83.

- 4 -

<u>Affirmed</u>.