COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia

CHARLES ANTHONY JONES

MEMORANDUM OPINION[*] BY
v.    Record No. 0977-98-3                JUDGE DONALD W. LEMONS
                                              FEBRUARY 23, 1999

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
William N. Alexander, II, Judge

Jesse W. Meadows, III, for appellant.

Ruth M. McKeaney, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Charles Anthony Jones was convicted of threatening to burn the house trailer of his estranged wife, Angela White Jones, in violation of Code § 18.2-83. On appeal he argues that the evidence is insufficient to sustain his conviction. We disagree and affirm the conviction.

On July 23, 1997, Jones went to his wife's trailer to confer with her over a theft of their children's bicycles. The estranged couple engaged in a heated argument with both parties yelling at one another. The wife demanded that Jones leave the premises, and he responded by threatening to "burn the house down." Jones denied making the threat; however, the trial court resolved the issue of credibility against him.

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

When the sufficiency of the evidence is challenged on appeal, the evidence is viewed "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Welch v. Commonwealth, 15 Va. App. 518, 523, 425 S.E.2d 101, 105 (1992).  The credibility of witnesses and the weight accorded their testimony are matters solely for the trier of fact who has the opportunity to see and hear the witnesses.  Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).  The decision of the trial court will not be disturbed unless plainly wrong or unless there is insufficient evidence to support it.  Code § 8.01-680.

Code § 18.2-83 provides that "[a]ny person . . . who makes and communicates to another by any means any threat to bomb, burn, destroy or in any manner damage any place of assembly, building or other structure, . . . shall be guilty of a Class 5 felony."  We have previously stated that in order to sustain a conviction under this statute, the communication must be taken in context, must have been maliciously made, and must reasonably cause the receiver of the threat to believe that the speaker of the threat will act according to his expressed intent.  See Perkins v. Commonwealth, 12 Va. App. 7, 16, 402 S.E.2d 229, 234 (1991).

The state of estrangement of the parties was further exacerbated by the wife's complaints that Jones had forged one of her checks and stolen her computer.  In the context of criminal complaints and angry confrontation, Jones communicated his intent

to burn the structure that served as his wife's home.  There is no indication that the statements were made in jest.

Jones maintains that because his wife did not report the matter to police immediately, his wife could not have reasonably believed that he would commit the act.  Even if the wife delayed in reporting the threat, it is the province of the finder of fact to determine if the delay undermined her credibility.  See Love v. Commonwealth, 18 Va. App. 84, 90, 441 S.E.2d 709, 713 (1994).  The trial court resolved this issue against Jones.

Considering the nature of the estrangement between the parties, the existence of criminal allegations by the wife against the husband, the hostility of the actual exchange itself, and the unequivocal nature of the threat, we cannot say that the trial court was wrong or that the evidence was insufficient to support the conviction.  The conviction is affirmed.

Affirmed.