COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia


DANIEL PAUL BENNETT

                                                  MEMORANDUM OPINION[*] BY
v.         Record No. 2029-08-2                   JUDGE ROBERT P. FRANK
                                                     DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Cleo E. Powell, Judge

            Brian S. Foreman (Cary B. Bowen; Bowen, Champlin, Carr,
            Foreman & Rockecharlie, on brief), for appellant.

            Erin M. Kulpa, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Daniel Paul Bennett, appellant, was convicted, in a bench trial, of misdemeanor obstruction

of justice in violation of Code § 18.2-460(B).[1]  He contends the evidence is insufficient to support a

conviction.  For the reasons stated, we affirm the decision of the trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] While the trial court, at the hearing, found appellant guilty under Code § 18.2-460(A),
the conviction and sentencing orders recited that appellant was found guilty of obstruction of
justice with force, which is a conviction under Code § 18.2-460(B).  "[A] court speaks through
its orders and those orders are presumed to accurately reflect what transpired." McBride v.
Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997).  This presumption applies
where an order conflicts with a transcript of the subject proceedings. Stamper v.
Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).  Generally, a written order is
considered more accurate than a transcript because a transcript "may be flawed by
omissions . . . ." Id.  Therefore, we address the sufficiency of the evidence as it applies to a
conviction of Code § 18.2-460(B).  At oral argument, both parties agreed that this was the
correct analysis.

BACKGROUND

On October 28, 2007, around midnight, Officer Joanna Hartsook and Officer Givens of the Chesterfield County Police Department responded to a report of loud music at a residence in the county. Upon arriving at the scene, Officer Hartsook observed smoke and flames emanating from a large bonfire despite a statewide ban on open fires. The officer also heard a "very loud" band playing on a raised platform at what appeared to be a Halloween party, attended by approximately 100 people. The homeowner approached the two uniformed officers.

Hartsook advised the homeowner about the noise complaint, the statewide fire ban, and the raised stage, "which was a violation of the county code." While Hartsook was speaking with homeowner,[2] appellant approached Hartsook and began asking her, in a raised "forceful" voice, "what right [she had] to be on that property." Appellant asked what the police were doing and then said they had to leave immediately. Appellant did not threaten Officer Hartsook at that time.

Officer Hartsook explained to the homeowner and to appellant the purpose of her presence on the property and told the homeowner he must extinguish the fire. Appellant placed himself between the officer and homeowner, forcing her to "look around" appellant to speak with the homeowner. Hartsook explained to appellant he was not involved and repeatedly asked appellant to step away so she could complete her duty.

Officer Givens also commanded appellant to step away. Givens repeated this instruction at least five times. As a result of appellant's actions, the officers could not issue the summons to the homeowner, nor could they address the open fire violation, until after appellant had been arrested.

---

[2] Homeowner was very cooperative. Ultimately he was given a summons and extinguished the fire for the fire violation.

Other officers responded to the scene as well, including Officer George Laffoon, an auxiliary police officer.[3] Officer Laffoon, who wore a uniform and displayed his badge of authority, confirmed appellant spoke to Hartsook in a "loud and agitated voice." He told appellant at least five time times to leave, and four more times he instructed appellant that if he did not leave, he would be arrested for obstruction of justice. Appellant took a step back approximately three to four feet and then "lunged" toward the officer with his hands "up in the air."

Appellant, at trial, denied raising his voice. He testified that when Officer Laffoon told him to step back, he did so, but he denied "lunging" toward the officer. Appellant characterized his actions as cooperative and polite.

The trial court found appellant guilty of obstruction of justice because appellant failed to heed the officer's repeated instructions to step away. During sentencing, the trial court further opined that appellant's behavior delayed the officer's issuance of the summons for twenty-five minutes "because [appellant was] there inserting [himself]."

This appeal follows.

ANALYSIS

Appellant contends he did not obstruct justice under Code § 18.2-460(B) because he used no force or threats, nor did he impede the officers in the performance of their duties.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"

---

[3] An auxiliary police officer has "all the powers and authority and all the immunities of a full-time law enforcement officer." Code § 15.2-1731.

Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*)

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va.

481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App.

at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the

trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw

reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584

S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for

that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38

Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Code § 18.2-460(B) provides in part:

> any person who, by threats or force, knowingly attempts to
> intimidate or impede a judge, magistrate, justice, juror, attorney for
> the Commonwealth, witness, any law-enforcement officer, or an
> animal control officer employed pursuant to § 3.2-6555 lawfully
> engaged in his duties as such, or to obstruct or impede the
> administration of justice in any court, is guilty of a Class 1
> misdemeanor.

Therefore, the prosecution must prove: (1) use of force or threats, (2) a knowing attempt, (3) to

intimidate or impede any law enforcement officer.

Citing Officer Hartsook's testimony that appellant never threatened her, appellant first

maintains he used no force or threats toward the officers. However, appellant fails to consider

appellant's actions toward Officer Laffoon.

Force is defined as "'[p]ower, violence or pressure directed against a person on thing.'"

Jordan v. Commonwealth, 273 Va. 639, 648, 643 S.E.2d 166, 172 (2007) (quoting Black's Law

Dictionary 673 (8th ed. 2004)). "A threat, in the criminal context, is recognized to be a

- 4 -

communication avowing an intent to injure another's person or property." Perkins v.

Commonwealth, 12 Va. App. 7, 16, 402 S.E.2d 229, 234 (1991).

While Officer Laffoon testified appellant never "put his hands out" toward him, he

explained that appellant, while in an agitated state and after being commanded to leave numerous

times, took a step back, "lunged" towards the officer with his hands "up in the air." Based on

this evidence, the trial court, as fact finder, could reasonably conclude that appellant's actions

constituted force or threats against Officer Laffoon.[4] His agitated state, coupled with his act of

aggression satisfied the requirement of force or threats.

Appellant next argues that the evidence is not sufficient to prove he impeded the officers

in the performance of their duties. However, Code § 18.2-460(B) does not require actual

hindrance or obstruction. The statute proscribes a knowing attempt to intimidate or impede a law

enforcement officer. Polk v. Commonwealth, 4 Va. App. 590, 358 S.E.2d 770 (1987), squarely

addresses this issue. Referring to Code § 18.2-460(A), an earlier version of Code § 18.2-460(B)

which contained identical language to the present Code § 18.2-460(B), we stated:

> The plain language of Code § 18.2-460(A) provides that *threats*
> constitute a violation of the statute when they are knowingly made
> in an attempt to intimidate or impede law enforcement officers
> who are performing their duties. Thus, it is the threats made by the
> offender, coupled with his intent that constitute the offense. The
> resulting effect of the offender's threats, such as fear,
> apprehension, or delay, is not an element of the crime defined in

---

[4] We acknowledge that the trial court never specifically articulated a finding of force. However, when an appellant challenges on appeal the sufficiency of the evidence to sustain his conviction, the appellate court has a duty to examine all the evidence that tends to support the conviction and its examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling. Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008); Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005). Thus, we find the evidence in the record supports the trial court's finding that appellant used force or threats against Officer Laffoon.

> Code § 18.2-460. By the express terms of the statute, it is immaterial whether the officer is placed in fear or apprehension. The offense is complete when the attempt to intimidate is made.

Polk, 4 Va. App. at 594, 358 S.E.2d at 772 (emphasis in original).

The evidence further reveals appellant intended to impede or intimidate Officer Laffoon. Intent is the purpose formed in a person's mind which may be shown by his statements or conduct. Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968). We find the trial court was entitled to conclude appellant had the requisite intent. Beginning with his initial encounter with Officer Hartsook until he was arrested, appellant was upset that the police were on homeowner's property. In a loud "forceful" voice, he demanded to know why the police were on the property. He interposed himself between Officer Hartsook and the homeowner, preventing the officer from completing her investigation. Ignoring at least fifteen commands to withdraw, appellant then lunged at Officer Laffoon with his hands held in the air. The trial court could reasonably infer, under the facts of this case, that lunging at Officer Laffoon constituted an aggressive act.

Clearly, appellant's agitated state and aggressive behavior toward Officer Laffoon coupled with his intent to intimidate or impede the officer constituted the offense of obstruction of justice pursuant to Code § 18.2-460(B).

We, therefore, affirm the judgment of the trial court.

Affirmed.