COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

TYRONE TYREE ROADS

                                    MEMORANDUM OPINION* BY
v.       Record No. 2513-11-2       CHIEF JUDGE WALTER S. FELTON, JR.
                                    MARCH 26, 2013
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CUMBERLAND COUNTY
                          Leslie M. Osborn, Judge

            Jessica M. Bulos, Assistant Capital Defender (Douglas Wham,
            Acting Capital Defender; Stephanie S. Miller, Assistant Capital
            Defender; S. Neil Stout; Office of the Capital Defender, on brief), for
            appellant.

            Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Tyrone Tyree Roads ("appellant") appeals the sentencing order of the Circuit Court of

Cumberland County ("trial court") requiring him to pay court costs pursuant to Code §§ 19.2-336

and 19.2-358. Appellant asserts the trial court erred by denying his post-trial motion to include a

provision in the sentencing order requiring him to pay court costs only after first determining his

financial ability to pay. He contends that the Virginia recoupment statutes violate his right to due

process because they place the burden of proof on him to show that he is unable to pay court costs,

as opposed to placing the burden on the Commonwealth to show he is able to pay. He asserts the

Virginia recoupment statutes violate his right to equal protection because they do not require that

the trial court project his future ability to pay court costs before imposing the duty.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Appellant was charged with three counts of capital murder, in violation of Code § 18.2-31(4). He pled guilty to two counts of first-degree murder, in violation of Code § 18.2-32. On August 30, 2011, the trial court held a sentencing hearing regarding appellant's two convictions of first-degree murder, but did not enter an order reflecting its rulings at that time. On October 26, 2011, appellant filed a motion requesting that the sentencing order include a provision stating that appellant would be required to pay the court costs only after first determining that he had the financial ability to pay. At a hearing on December 7, 2011, the trial court orally denied appellant's motion. On that same day, the trial court entered an order reflecting its rulings from the August 30, 2011 sentencing hearing, including that appellant pay the court costs attributable to his trial. The December 7, 2011 order did not expressly address appellant's motion that the sentencing order include a provision stating that appellant would be required to pay the court costs only upon a determination that he had the financial ability to pay. On January 12, 2012, the trial court entered an order denying appellant's motion.[1]

## II. ANALYSIS

Appellant asserts that Code §§ 19.2-336 and 19.2-358 violate his right to due process because they place the burden of proof on him to show that he is unable to pay court costs, as opposed to placing the burden on the Commonwealth to show he is able to pay. He asserts the

---

[1] "Although the trial court has jurisdiction to modify, vacate, or suspend its order of final judgment for only twenty-one days thereafter, see Rule 1:1, it retains the continuing authority to consider matters pertaining to a defendant's payment of costs." Ohree v. Commonwealth, 26 Va. App. 299, 310, 494 S.E.2d 484, 490 (1998).

Virginia recoupment statutes violate his right to equal protection because they do not require that the trial court project his future ability to pay court costs before imposing the duty.[2]

The Commonwealth asserts that appellant's arguments were previously decided and rejected by this Court in Ohree, 26 Va. App. 299, 494 S.E.2d 484, and that Virginia's recoupment statutes do not violate appellant's constitutional right to equal protection and due process.

Whether Virginia's recoupment statutes are constitutional presents a question of law that this Court reviews *de novo*. See Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011). "'When the constitutionality of an act is challenged, a heavy burden of proof is thrust

---

[2] Code § 19.2-336 provides, in pertinent part:

> In every criminal case the clerk of the circuit court in which the accused is found guilty or is placed on probation during deferral of the proceedings . . . shall, as soon as may be, make up a statement of all the expenses incident to the prosecution, including such as are certified under [Code] § 19.2-335, and execution for the amount of such expenses shall be issued and proceeded with.

Code § 19.2-358 provides, in pertinent part,

> A. When an individual obligated to pay a fine, costs, forfeiture, restitution or penalty defaults in the payment or any installment payment, the court upon the motion of the Commonwealth in the case of a conviction of a violation of a state law, . . . or upon its own motion, may require him to show cause why he should not be confined in jail or fined for nonpayment. . . .
> B. Following the order to show cause . . . , unless the defendant shows that his default was not attributable to an intentional refusal to obey the sentence of the court, or not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment, or unless the defendant shows that any failure to appear was not attributable to an intentional refusal to obey the order of the court, the court may order the defendant confined as for a contempt for a term not to exceed sixty days or impose a fine not to exceed $500. . . .
> C. If it appears that the default is excusable under the standards set forth in subsection B hereof, the court may enter an order allowing the defendant additional time for payment, reducing the amount due or of each installment, or remitting the unpaid portion in whole or in part.

upon the party making the challenge. All laws are presumed to be constitutional and this presumption is one of the strongest known to the law.'" Moses v. Commonwealth, 27 Va. App. 293, 299, 498 S.E.2d 451, 454 (1998) (quoting Harrison v. Day, 200 Va. 764, 770, 107 S.E.2d 594, 598 (1959)).

The defendant in Ohree was convicted of two counts of grand larceny by welfare fraud. Ohree, 26 Va. App. at 302, 494 S.E.2d at 486. Upon conviction, the trial court ordered that Ohree pay costs in the amount of $409. On appeal, Ohree asserted that the "Commonwealth's recoupment from an indigent defendant of the costs incurred" during prosecution, "without a preliminary finding that the defendant could or would likely be able to pay the costs, violate[d] the Constitution of the United States." Id. at 303, 494 S.E.2d at 486.

This Court held that Ohree's post-sentencing motion and objection to the $409 in costs contained no assertion of a constitutional violation and that her argument on appeal was barred by Rule 5A:18 because it was not raised in the trial court. However, the Court further held that "[e]ven on the merits, . . . Ohree's claim fails." Id. at 308, 494 S.E.2d at 489. The Court explained that "Virginia's statutory scheme works to enforce the duty of paying costs 'only against those who actually become able to meet [the responsibility] without hardship.'" Id. at 311, 494 S.E.2d at 490 (quoting Fuller v. Oregon, 417 U.S. 40, 54 (1991)). It found that, under Virginia's recoupment statutes, "[t]he statutory grant of power to the trial court to order payment of fines, forfeitures, penalties, restitution and costs in deferred payments or installments according to the defendant's ability to pay *implies that the trial judge will act with sound judicial discretion*." Id. (emphasis added). This Court stated that:

> Under the Virginia recoupment statutes, the defendant is given the
> opportunity at any time to demonstrate that any default was not
> attributable to any refusal to make a good faith effort to obtain the
> funds necessary for payment. The trial court may allow the
> defendant additional time for payment, reduce the amount of the

payments on each installment, or remit the unpaid portion in whole or in part.

Id. at 312, 494 S.E.2d at 491. Accordingly, this Court concluded that Virginia's "recoupment statutes [are] constitutional and not a violation of the due process or equal protection clauses of the United States Constitution." Id.

Appellant asserts that, because this Court decided the issue in Ohree on the grounds that Ohree failed to preserve her assignment of error pursuant to Rule 5A:18, the portion of the opinion addressing the merits of Ohree's argument was merely dicta. See Newman v. Newman, 42 Va. App. 557, 565, 593 S.E.2d 533, 537 (2004) (*en banc*) (dicta "generally refers to that portion of an opinion 'not essential' to the disposition in the case" (quoting Cent. Green Co. v. United States, 531 U.S. 425, 431 (2001))).

Even assuming, without deciding, that the holding in Ohree was dicta, we hold that this Court's reasoning in Ohree was correct and that appellant has not shown how Virginia's recoupment statutes violate either the equal protection or due process clauses of the Constitution.[3] Although the trial court ordered appellant to pay his court costs after his release from prison, the penalties appellant fears will be imposed if he does not repay cannot be imposed absent "an intentional refusal to obey the sentence" or a "failure on his part to make a good faith effort to obtain the necessary funds." Code § 19.2-358(B). Further, "[i]f it appears that the default is excusable . . . , the court may enter an order allowing the defendant additional time for payment, reducing the amount due or of each installment, or remitting the unpaid portion in whole or in part." Code § 19.2-358(C). These statutory provisions suffice to ensure that

---

[3] "'In assessing the constitutionality of a statute . . . [t]he burden is on the challenger to prove the alleged constitutional defect.'" Woolfolk v. Commonwealth, 18 Va. App. 840, 848, 447 S.E.2d 530, 534 (1994) (quoting Perkins v. Commonwealth, 12 Va. App. 7, 14, 402 S.E.2d 229, 233 (1991)).

appellant will not be subject to enhanced punishment solely due to his future indigence, should it occur.  Accordingly, we affirm the judgment of the trial court.

Affirmed.